UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLACKWELL,

        Plaintiff,

vs.

CITY OF HAMTRAMCK
and JAMES PETER ALLEN, SR.
in his individual capacity,

        Defendant.

Case No. 21-cv-12284

Hon. Mark A. Goldsmith

_____

| ERNST CHARARA & LOVELL, PLC | COLLINS EINHORN FARRELL, PC |
|---|---|
| Kevin Ernst (P44223) | Theresa M. Asoklis (P42709) |
| Hannah R. Fielstra (P82101) | Lindsey A. Peck (P74579) |
| Counsel for Plaintiff | Counsel for Defendant Allen |
| 645 Griswold, Suite 4100 | 4000 Town Center, 9th Floor |
| Detroit, Michigan 48226 | Southfield, MI 48075 |
| (313) 965-5555 | (248) 355-4141 |
| kevin@ecllawfirm.com | theresa.asoklis@ceflawyers.com |
| hannah@ecllawfirm.com | lindsey.peck@ceflawyers.com |
| | |
| Tony D. Paris (P71525) | SCHENK & BRUETSCH, PLC |
| Counsel for Plaintiff | Marc A. Deldin (P71041) |
| 4605 Cass Avenue, Second Floor | 211 W. Fort, Suite 1410 |
| Detroit, Michigan 48201 | Detroit, MI 48226 |
| 313-993-4505/Fax: 313-887-8470 | (313) 774-1000 |
| tparis@sugarlaw.org | marc.deldin@sbdetroit.com |

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, through counsel, states as follows in support of his First Amended Complaint against Defendants pursuant to Fed. R. Civ. P. 15(a)(1)(B):

## VENUE AND JURISDICTION

1. Plaintiff was at all times relevant hereto, a citizen of the United States and State of Michigan residing in the Eastern District of Michigan.

2. The cause of action arose in the City of Farmington Hills, Michigan, in the Eastern District of Michigan.

3. Defendant JAMES PETER ALLEN, SR. ("Allen") was at all times relevant hereto the attorney for the City of Hamtramck acting under color of state law and is being sued in his individual capacity. Defendant Allen resides within the Eastern District of Michigan.

4. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

6. Plaintiff Charles Blackwell is 28-year-old resident and activist located in the Eastern District of Michigan who advocates for transparency in government and holding Metro Detroit municipalities accountable by engaging with local municipalities on social media, attending city council meetings, and filing Freedom of Information Act ("FOIA") requests with various public bodies.

7. In March of 2021, after the Inkster Parks and Recreation director was accused of embezzling funds for his own personal use, Mr. Blackwell commented on a post by the City of Inkster's police chief urging him to be transparent about the mayor's involvement in the embezzlement scandal, seeking to bring attention to the allegations and lack of transparency within the Inkster government.

8. The comment was deleted and Mr. Blackwell was blocked from the Inkster Police Department's Facebook page.

9. Mr. Blackwell also commented on the mayor of Inkster's municipal Facebook page, including critical comments about his investigation and involvement in the Parks and Recreation director's embezzlement allegations and exposing that the mayor owed delinquent property taxes to the City of Inkster while serving as mayor.

10. After Mr. Blackwell posted these critical comments, he was blocked from further commenting on the mayor's municipal Facebook page.

11. Mr. Blackwell successfully obtained a preliminary injunction in pro per in his pending First Amendment lawsuit against the City of Inkster, which ordered that Mr. Blackwell's ability to access municipal Facebook pages could not be blocked, (Case No. 21-cv-10628), after which the ACLU appeared on his behalf.

12. Defendant's law firm, the Allen Brothers, PLLC, acts as the city attorney for both the City of Inkster and the City of Hamtramck.

13. Defendant Allen holds himself out as the Hamtramck City Attorney.

14. Mr. Blackwell has attended city council meetings for both Hamtramck and Inkster, including one recent city council meeting for the City of Inkster, in which Defendant Allen was present in his capacity as city attorney. City council meetings are open to the general public and Defendant often attends city council meetings for the City of Hamtramck as well.

15. Recently, Mr. Blackwell filed several FOIA requests seeking various sources of information involving the Allen Brothers, PLLC and its contract with the City of Hamtramck, as well as FOIA requests regarding members of the Hamtramck City Council.

16. Mr. Blackwell's previous FOIA requests were granted or denied by the Hamtramck City Clerk.

17. On August 16, 2021, Defendant Allen personally denied the FOIA request which sought some of his communications, adding "[i]n short, there are ample grounds to DENY your request on its face," while attaching five text messages.

18. Defendant Allen signed the FOIA denial letter as "Hamtramck City Attorney."

4

19. On August 18, 2021 at 4:19 PM, Mr. Blackwell sent a parody "meme" he created as a criticization of Allen and Jones to the Hamtramck mayor, city manager and several Hamtramck City Council Members. He included Defendant Allen, and members of his law firm, Harry Kalogerakos, and David Jones in the meme.

20. The email was sent from an anonymous email account which used the name Susana Hamad.

21. The "meme" depicted the faces of Defendant Allen and his partner, David Jones, attached to a woman's body, holding a briefcase outside of the Frank Murphy Hall of Justice (see below).



22. The "meme" was clearly labeled "POLTICIAL PARODY AND SATIRE."

23. Plaintiff's parody did not contain any unprotected categories of speech such as true threats, fighting words, inciting violence or any other unprotected categories of speech or expression.

5

24. Relevant to the instant lawsuit, Plaintiff was shot in the back several years ago while an innocent bystander in a random drive by shooting while visiting a family member which rendered his lower extremities totally paralyzed and confined him to a wheelchair.

25. Despite the meme being sent by an anonymous email account, Defendant Allen apparently suspected the email was sent by Mr. Blackwell, likely given Mr. Blackwell's criticisms and their recent interactions at the Inkster City Council meeting and through Mr. Blackwell's FOIA requests.

26. On August 18, 2021, at 6:37 PM, three days after denying Mr. Blackwell's most recent FOIA request and in his capacity as Hamtramck City Attorney, Defendant Allen responded to the meme email implicitly criticizing his actions as a city attorney from his "JamesAllen@allenbrotherspllc.com" email address, which he uses for all business on behalf of the City of Hamtramck. He gave several indications that he knew the email was from Charles Blackwell:

   a. Defendant Allen began the email "That's funny, Kev….I mean Chuck Who can't ****";

   b. Defendant Allen further mocked Mr. Blackwell's disabilities, stating, "Time for me to stand up and talk a walk. I love to walk. And run.

      And do things that others can't. God doth have a great sense of humor and, in your case, a keen sense of justice."

    c. He further stated, "I won't be thinking of you later tonight when I do that thing that you can't." And added, "I want you to know that you are where you are because you so clearly and richly deserve to be there." **(Exhibit 1 – Allen Emails re: Picture of James P. Allen and David Jones).**

27. On August 19, 2021, Defendant Allen again responded to Mr. Blackwell by mocking his disability, stating "Haha Reek. Sit down and stay down where that bullet justly put you, punk. Back to your regularly scheduled sit down."

28. In this same email, Defendant Allen further mocked Mr. Blackwel's disability, boasting, "This washed up grey haired mother fucker will be closer to Wilt [Chamberlain] than you. Not because size matters but because God recognized evil and sentenced you to sit while people like me run free and spread our DNA into the universe like you can't."

29. Defendant Allen's email response to Mr. Blackwell also called him "limp Chuckie," "Chuckie," and "Chuck who can't ****." Chuckie and Chuck are common nicknames for Charles, in reference to Plaintiff's first name.

30. Defendant Allen's email also mocks Plaintiff's disability by referring to Plaintiff as "Wheelboy," and by stating "thanks to you, I got money to buy us

7

both a pair of gators, not that yours will ever see the pavement," in an apparent reference that Mr. Blackwell's oversight activities meant more billing from Defendant's law firm to Hamtramck.

31. Defendant Allen, in his capacity as a city attorney, also expressly boasted that the more Mr. Blackwell engaged with him and his partner, David Jones, the more money he would make, presumably because of their contracts with the City of Hamtramck and the City of Inkster, indicting he was billing the City of Hamtramck for engaging with the Plaintiff:

> The more you play, moreover, the better for me. And you teaming up with your crusading friends? That's music to my ears. […] We love people like you. My children thank you, in fact, for the college money. […] From the bottom of my satisfied self's contended heart, thank you for the many hours you keep my colleagues occupied. The Allen-Jones Family educational scholarship fund thanks you as well. (**Exhibit 1).**

32. Defendant Allen further added, "May your dreams be half as good as the reality you and your malcontented piece of horse dung cohorts provide for me and Potna Jones."

33. In fact, the City of Hamtramck approved payment on the invoices specifically for the emails sent by Defendant Allen to Mr. Blackwell.

34. On August 19th, 2021, Defendant Allen sent another email to Mr. Blackwell stating, "Saw you seated today and yesterday and will see you seated for as long as the Good Lord sentenced you. […] But you surely deserved that bullet

8

God sent to put you where you are when you read this and where you will ALWAYS be, haha [...]"

35. Mr. Blackwell recently attended an Inkster City Council meeting at which Defendant was also present.

36. Defendant Allen continued to make discriminatory comments about Plaintiff's disability stating, "Please please please send these emails to people and say I should be cancelled for dogging a pathetic little wheelboy like you out. I dare you. I beg you, cowardly punk." **(Exhibit 1).**

37. Defendant's responses, using "Chuck," "Chuckie," and highlighting that Plaintiff had been shot and could not walk confirms that he suspected the identity behind the Susana Hamad email account to be Mr. Blackwell.

38. After receiving the barrage of emails sent mocking Plaintiff's disability, sent by an attorney licensed in the State of Michigan acting as the City Attorney for Hamtramck, Mr. Blackwell emailed the Michigan Attorney Discipline Board Executive and Deputy Director from the Susana Hamad email account on August 24, 2021, asking that they investigate Defendant Allen's conduct. **(Exhibit 2, Plaintiff's email to Michigan Attorney Discipline Board**).

39. Mr. Blackwell sent that email to Defendant Allen.

40. The same day, on August 24th, 2021, Defendant Allen, in his capacity as Hamtramck City Attorney and using the power of his office, responded to the

9

email and threatened to subpoena Mr. Blackwell's ISP to "verify what we already know", and threatened to depose Plaintiff, stating, "You'll be going under oath either way after your ISP answers my subpoena." (**Exhibit 3, Email from Defendant Allen re: Attorney Discipline Board**).

41. Plaintiff has personal pictures, videos, emails, documents and communications with family, friends, and health care professionals contained in his email account and cloud storage which Defendant could have obtained via the threatened subpoena and the threat chilled Plaintiff from further continuing with his parody and anonymous speech from this email account.

42. Based on Defendant Allen's conduct wherein he retaliated against Plaintiff by mocking his disability, taunting him with comments about what Defendant is able to do and what Plaintiff cannot, asserting that he deserved the bullet that paralyzed Plaintiff, and threatening to subpoena Plaintiff's ISP and depose him, Mr. Blackwell was deterred from further engaging in activity protected by the Constitution, including but not limited to: attending city council meetings where Defendant Allen would be present (either in person or via Zoom), requesting documents via FOIA of which Defendant Allen or the City of Hamtramck is the subject, and engaging in anonymous political satire and free speech.

43. Plaintiff Charles Blackwell was humiliated and embarrassed as a result of the retaliation and disturbing level of mockery engaged in by Defendant Allen's comments in his capacity as a city attorney.

## COUNT I – 14th AMENDMENT EQUAL PROTECTION VIOLATION

44. At all material times, Plaintiff had a federal constitutional right secured by the 14th Amendment to be free from discrimination and retaliation as a result of his disability.

45. Plaintiff was intentionally treated differently than those similarly situated in every other material aspect without a disability.

46. Nevertheless, Defendant Allen, acting under color of law in his capacity as a city attorney for the City of Hamtramck discriminated against Plaintiff on the basis of his disability.

47. Defendant's actions had the effect of depriving Plaintiff of his rights secured by the Equal Protection Clause of the 14th Amendment.

48. Defendant's acts were intentional, malicious, willful, wanton, obdurate and in gross and reckless disregard of Plaintiff's constitutional rights.

49. There was no rational basis for Defendant Allen to discriminate against Plaintiff based on his disability or for the difference in treatment between Plaintiff and others similarly situated without disabilities.

50. As a result of Defendant's actions, Plaintiff is deterred from further engaging in activity protected by the Constitution, including but not limited to: attending city council meetings in the Cities of Inkster and Hamtramck, requesting documents via FOIA of which Defendant Allen or the Cities of Inkster or Hamtramck is the subject, and engaging in anonymous political satire and free speech.

## COUNT II – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12131, et seq.)
*As to the City of Hamtramck*

51. Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132 prohibits a public entity from excluding a person with a disability from participating in, or otherwise benefitting from, a program of the public entity, or otherwise discriminating against a person on the basis of disability.

52. Plaintiff meets the definition of a person with a disability within the meaning of Title II of the Americans with Disabilities Act.

53. A public entity includes state and local governments, their agencies, and their instrumentalities.

54. Defendant Allen is an agent of the City of Hamtramck, as he is the City Attorney for the City of Hamtramck and engages in decision making on the City's behalf, as evidenced by Defendant's denial of Plaintiff's FOIA request directed to the City of Hamtramck.

55. As a result of Defendant Allen's actions, Plaintiff is being denied the benefits of other non-disabled citizens and being subjected to discrimination because of his disability.

56. Defendant City of Hamtramck, through its agent Defendant Allen, acted intentionally, willfully and in reckless disregard of Plaintiff's rights.

57. As a result of Defendants' actions, Plaintiff has been deterred/constructively barred from further engaging in activity protected by the Constitution and Title II, including but not limited to: attending city council meetings where Defendant Allen would be present, requesting documents via FOIA of which Defendant Allen or the City of Hamtramck is the subject, and engaging in anonymous political satire and free speech.

## COUNT III – FIRST AMENDMENT RETALIATION

58. At all material times, Plaintiff was engaged in constitutionally protected activity, exercising his clearly established First Amendment rights to request public information, to anonymously propound parodic criticism of Defendant Allen who is the City Attorney for the City of Hamtramck and whose firm acts as the city attorney for City of Inkster and to petition the government for redress through the courts and quasi-judicial agencies such as the Attorney Grievance Commission and or Attorney Discipline Board.

59. Defendant retaliated against Plaintiff Blackwell for exercising his protected constitutional right of free speech and expression and his right to petition the government for redress.

60. Defendant retaliated against Plaintiff's for exercising his First Amendment rights in violation of clearly established law.

61. Defendant does not have immunity for violating Plaintiff's rights.

62. Plaintiff's First Amendment right, including the right to criticize public officials such as Defendant was clear "[s]ince the day the ink dried on the Bill of Rights." *McCurdy v Montgomery County*, 240 F.3d 512, 520 (6th Cir. 2001).

63. Defendant's adverse action injured Plaintiff by restraining, preventing, deterring and impairing his right to anonymous speech in a way that would chill the Plaintiff and a person of ordinary firmness from propounding further lawful speech and satire towards the Defendant, and in a way that would chill a person of ordinary firmness from petitioning the government for redress.

64. Further, Defendant used the power of his office to threaten adverse actions to unveil Plaintiff's identity by subpoenaing Plaintiff's ISP and deposing him in violation of clearly established law, preventing him from speaking and proceeding anonymously.

65. As with other forms of expression, the ability to speak anonymously […] allows individuals to express themselves freely without "fear of economic or official retaliation…[or] concern about social ostracism." *Anonymous Online Speakers v United States Dist Court (In re Anonymous Online Speakers)*, 661 F3d 1168, 1173 (CA 9, 2011) (citing *McIntyre v Ohio Elections Comm*, 514 US 334 (1995)).

66. Defendant Allen was motivated to take this adverse action in whole or part because of Plaintiff's constitutionally First Amendment rights, including Plaintiff's engagement in local politics, including his several FOIA requests directed to Defendant Allen and the Allen Brothers, PLLC, billing practices with Hamtramck, Plaintiff's attendance at City Council meetings, Plaintiff's petitioning the government for redress and his disability.

67. "Even the threat of an adverse action can satisfy [the adverse action] element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill v Lappin,* 630 F.3d 468, 472 (6th Cir. 2010).

68. Defendant's threats to subpoena Plaintiff's ISP and depose Plaintiff constitute a threat of adverse action for First Amendment purposes.

69. As a direct and proximate result of Defendant's actions as described above, Plaintiff has suffered damages including humiliation, embarrassment and those further described below.

## DAMAGES

70. As a direct and proximate result of Defendant unlawful activity, Plaintiff has suffered and continues to suffer damages for which the Defendant is liable including but not limited to humiliation, mortification embarrassment and the loss of his rights to engage his government like any other citizen.

71. As a result of the Defendants' reprehensible, wanton, oppressive unconstitutional and unlawful actions and/or omissions, Plaintiff is entitled to recover punitive damages.

72. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment for damages against Defendant in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

ERNST CHARARA & LOVELL, PLC

/s/ <u>Hannah R. Fielstra</u>
   Hannah R. Fielstra (P82101)
   Kevin Ernst (P4422)
   hannah@ecllawfirm.com
   kevin@ecllawfirm.com

Dated: December 2, 2021