UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLACKWELL,                    Case No. 21-12284
                                      HON. MARK A. GOLDSMITH

        Plaintiff,

v.


CITY OF HAMTRAMCK, and
JAMES PETER ALLEN, SR.,

        Defendants.
_____/


DEFENDANT CITY OF HAMTRAMCK'S BRIEF IN SUPPORT OF
MOTION TO DISMISS

ISSUES PRESENTED

I.   IS DEFENDANT CITY OF HAMTRAMCK ENTITLED TO DISMISSAL OF PLAINTIFF'S CLAIM FOR DISABILITY DISCRIMINATION BECAUSE PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132?

CITY OF HAMTRAMCK STATES:     YES.
PLAINTIFF STATES:       NO.


II.   IS DEFENDANT CITY OF HAMTRAMCK ENTITLED TO DISMISSAL OF PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 BECAUSE PLAINTIFF HAS FAILED TO IDENTIFY A CITY POLICY OR CUSTOM THAT CAUSED A VIOLATION OF HIS CONSTITUTIONAL RIGHTS AS REQUIRED BY *MONELL*?[1]

CITY OF HAMTRAMCK STATES:     YES.
PLAINTIFF STATES:       NO.

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## MOST CONTROLLING AUTHORITY

Fed. R. Civ. P. 12(b)(6)

## SUMMARY[2]

Disparaging and insensitive comments regarding a plaintiff's disability neither violate the Americans with Disabilities Act ("ADA") nor give rise to municipal liability under 42 U.S.C. § 1983.

The Court should dismiss Plaintiff's amended complaint because he has failed to plead facts to support his causes of action. Plaintiff has failed to plead the benefit from which the City of Hamtramck has denied him *because of* his disability. This is fatal to his ADA claim. Moreover, Plaintiff's constitutional claims against the City of Hamtramck cannot survive because Plaintiff has failed to plead a city policy or custom that caused the violation of his rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

## STATEMENT OF FACTS

The plaintiff, Charles Blackwell ("Blackwell"), is a Farmington Hills based municipal "activist" and serial litigant[3] against communities such as Inkster,

---

[2] Allen has also filed a motion to dismiss (PageID.139-173). To the extent that any of the arguments in his motion to dismiss apply to claims against the City of Hamtramck, those arguments are incorporated herein by reference.

[3] Blackwell is the plaintiff in the following actions:

   1) The 3rd Circuit Court of Michigan: *Blackwell v. Wayne County Comm. Coll. Dist.*, 20-002588-CZ; *Blackwell v. City of Highland Park*, 21-009443-CZ; *Blackwell v. City of Inkster*, 20-015933-CZ; *Blackwell v. City of Inkster,* 20-010857-CZ; *Blackwell v. City of Inkster,* 20-008880-CZ*; Blackwell v. City of Inkster*, 21-008816-CZ; *Blackwell v. City of Inkster*, 21-010042-CZ;

Hamtramck, Highland Park, Pontiac, and Livonia. (PageID.112, ¶ 6). Blackwell has been harassing attorneys with racist and anti-Semitic "parody" memes from anonymous e-mail accounts. (PageID.115-116, ¶¶ 19-22, 25-26).

James Allen ("Allen"), Harry Kalogerakos ("Kalogerakos"), Neil Pioch ("Pioch"), and David Jones ("Jones") are private-sector attorneys at Allen Brothers, PLLC ("Allen Brothers"), a law firm that acts as City Attorney for the City of Hamtramck. (PageID.114, ¶¶ 12-13). The firm also represents the City of Inkster in litigation against Blackwell. (PageID.114, ¶¶ 12, 14).

On August 18, 2021, Allen, Kalogerakos, Jones, the City of Hamtramck Mayor, the City of Hamtramck City Manager, and several other City of Hamtramck City Council members received an e-mail from a "Susana Hamad." (PageID.115, ¶¶ 19-20). The e-mail did not contain a message, but it attached a "parody meme" portraying Messrs. Allen's, Jones's, and Pioch's faces on female bodies, standing outside of the Frank Murphy Hall of Justice in pencil skirts with their briefcases.

---

*Blackwell v. City of Dearborn Heights et al*, 20-013099-CZ; *Blackwell v. City of Livonia*, 21-002860-CZ.

2) The 6th Circuit Court of Michigan: *Blackwell v. City of Farmington Hills*, 2020-179602-CZ; *Blackwell v. City of Pontiac*, 21-187309-CZ; *Blackwell v. City of Pontiac*, 21-188950-CZ.

3) The United States District Court for the Eastern District of Michigan: *Blackwell v. Sollars*, No. 21-10921 (E.D. Mich. filed Apr. 26, 2021); *Blackwell v. City of Inkster*, No. 21-10628 (E.D. Mich. filed Mar. 22, 2021).

(PageID.115, ¶¶ 21-22). Blackwell colored Jones's teeth in yellow, and digitally enlarged Pioch's nose, who is a Jew. (PageID.115, ¶ 21).

Before August 18, 2021, Blackwell had filed several Freedom of Information Act ("FOIA") requests with the City of Hamtramck, specifically seeking information about Allen Brothers and its contract with the City of Hamtramck, as well as information about other members of the City of Hamtramck City Council. (PageID.114, ¶ 15). Some of Blackwell's FOIA requests were either denied or granted by the City of Hamtramck City Clerk. (PageID.114, ¶ 16). On August 16, 2021, Allen directly responded to Blackwell's FOIA request for communications between Allen and the City of Hamtramck. (PageID.114, ¶ 17).

Allen's response to the August 18, 2021 e-mail from the anonymous "Susana Hamad" g-mail account contained disparaging and insensitive comments about Blackwell's disability. (PageID.116-118, ¶¶ 26-32). Allen's response was sent from his private Allen Brothers e-mail account. (PageID.116, ¶ 26). Allen neither signed these e-mails for the City of Hamtramck nor sent these e-mails as City Attorney on behalf of the City of Hamtramck.[4] (PageID.129, 133, 135).

---

[4] In fact, as evident by the exhibits to the complaint, Allen did not sign these e-mails under any designation; the e-mails were closed with the iPhone mail signature "sent from my iPhone." (PageID.129, 133, 135).

On December 2, 2021, Blackwell filed this amended complaint against Allen, in his individual capacity, and against the City of Hamtramck, seeking damages under the ADA and 42 U.S.C. § 1983 (PageID.111).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Fed. R. Civ. P. 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).

When deciding a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation omitted); *see also Twombly*, 550 U.S. at 555 (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendants conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

## ARGUMENT

I. DEFENDANT CITY OF HAMTRAMCK IS ENTITLED TO DISMISSAL OF PLAINTIFF'S CLAIM FOR DISABILITY DISCRIMINATION BECAUSE PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132.

Plaintiff has failed to state a cognizable claim under the ADA, 42 U.S.C. § 12132. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

5

benefits of the services, programs, or activities of the public entity, or be subjected to discrimination by such an entity." *Id*.

"To establish a *prima facie* case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) [] he has a disability; (2) [] he is otherwise qualified; and (3) [] he was being excluded from participation in, denied the benefits of, or subjected to discrimination . . . because of h[is] disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). In this case, Blackwell cannot establish the *prima facie* elements for an ADA claim, as he has failed to plead that there is evidence of any action by the City of Hamtramck or by Allen denying Blackwell engagement in political activity protected by the Constitution and Title II of the ADA (i.e., engaging in anonymous political satire and free speech), or other benefit, *because* of his disability.

In *Doe v. Fults*, No. 3:04-0143, 2006 U.S. Dist. LEXIS 3012, at *24 (M.D. Tenn. Jan. 20, 2006),[5] the district court dismissed an ADA claim premised on insulting comments targeting a student with Attention Deficit-Hyperactivity

---

[5] The City of Hamtramck cites this case for illustrative purposes only. The Sixth Circuit's Federal Rule of Appellate Procedure 28(g) provides that "[c]itation of unpublished decisions in briefs and oral arguments in this Court and in the district courts within this Circuit is disfavored, . . . . If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited . . . ." This rule does not prevent the City of Hamtramck from citing to an unpublished opinion in this district, especially when used for illustrative purposes only.

Disorder ("ADHD"). The plaintiff was a student enrolled in the Rutherford County school system. The plaintiff sued the Rutherford County Board of Education ("RCBE"), the principal of Riverdale High School, and Steven Fults for inappropriate conduct and harassment on the part of Fults, a teacher in the Rutherford County school system. The plaintiff's claims included 42 U.S.C. § 1983 claims, ADA claims, negligence claims against RCBE, and a claim of negligent supervision on the part of the principal of Riverdale High School. Specifically, the plaintiff asserted his ADA claim on the presumption that Fults targeted or discriminated against the plaintiff because of his ADHD. The district court found the plaintiff's claim for disability discrimination inadequately pleaded and insufficiently supported in fact and in law to withstand dismissal. The district court reasoned that the plaintiff could not establish the *prima facie* elements for an ADA claim, as there was no evidence of any action by RCBE or Fults denying the plaintiff access to public education or other benefit because of his ADHD. The district court further stated, "[t]he fact that Fults might have considered [the plaintiff's] disability in his choice of victim is not the type of discriminatory state action which the ADA was meant to remedy." *Fults*, 2006 U.S. Dist. LEXIS 3012, at *23-24. In short, the district court concluded that Fults's insulting comments toward the plaintiff could not give rise to ADA liability, and that "the ADA simply does not countenance a

claim of the sort that [the plaintiff] asserts." *Fults*, 2006 U.S. Dist. LEXIS 3012, at *23.

The instant case is analogous to *Fults*. Like Fults's insulting comments toward the plaintiff, Allen's comments in this case are an improper subject for an ADA complaint, and Blackwell has failed to assert that Allen's comments can give rise to ADA liability. Notably, there are no allegations concerning specific acts committed by the City of Hamtramck regarding the thread of e-mails between Allen and Blackwell, and the allegations in Blackwell's amended complaint do not state a plausible claim of disability discrimination. Even if Blackwell meets the definition of a person with a disability within the meaning of the ADA, Blackwell does not allege that he was discriminated against or denied benefits *because* of a disability. Blackwell does not even allege that the City of Hamtramck knew he had a disability. *See Jones v. Martin*, No. 99-1255, 2000 U.S. App. LEXIS 1922, 2000 WL 191807, at *1 (6th Cir. Feb. 7, 2000) (affirming dismissal of ADA claim where the plaintiff failed to allege that the defendants discriminated against him *because* of disability); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030, 1036 (6th Cir. 1995). Blackwell alleges that he was harassed while suffering from a disability; he does not allege that he was harassed *because* of his disability.

The amended complaint also clearly shows that Blackwell used a fake g-mail alias to attack Allen. Allen responded in kind, not to Blackwell, but to the fake g-mail account.  Absent from the amended complaint is any allegation that Allen knew, or could have known, that Blackwell was, in fact, the source of this e-mail. Moreover, making a statement, even if it were about Blackwell's disability, is generally insufficient to establish Title II disability discrimination. *See Henderson v. Mullady*, 187 F.3d 635 (Table), 1999 WL 608078, at *1 (6th Cir. Aug. 2, 1999) (stating, but not discussing, the district court's decision that the plaintiff was not excluded or denied services on the part of the defendant and that the ADA does not insulate individuals from "offensive language"); *Parkhusrt v. Am. Healthways Servs., LLC*, 700 F. App'x 445, 450 (6th Cir. 2017) ("isolated and ambiguous comments are too abstract, in addition to being irrelevant and prejudicial, to support a finding" of unlawful discrimination) (citations omitted).

Finally, the facts alleged in Count III of Blackwell's amended complaint regarding his need to disengage from activity protected by the Constitution and Title II of the ADA due to acts of "retaliation" by Allen (i.e., Allen asserting that he was going to uncover Blackwell's identity through a subpoena on Blackwell's ISP) are simply too attenuated from any alleged disability discrimination to support the claim asserted. (PageID.123-126, ¶¶ 63-64, 66, 68). In other words, Blackwell did not plead facts plausibly suggesting that he was harassed *because* of his disability. *See*

9

*Mauney v. Cricket/Bojangles Coliseum*, 2012 U.S. Dist. LEXIS 168747, at *4 (W.D.N.C. Nov. 28, 2012) (the district court granted the defendants' motion to dismiss because the plaintiff had failed to allege how he was disabled, or any nexus between his alleged disability and the grievances in his complaint.); *Benton-Flores v. Santa Barbara Unified Sch. Dist.*, 2020 U.S. Dist. LEXIS 257960, at *17-18 (C.D. Cal. Sept. 21, 2020) (the district court granted the defendant's motion to dismiss the plaintiff's ADA claim because the plaintiff had failed to allege the nature of her disability, and because she did not allege, even in a conclusory fashion, that the defendant had taken any action against her *because* of her disability.). Accordingly, Blackwell's ADA claim against the City of Hamtramck should be dismissed.

II.     DEFENDANT CITY OF HAMTRAMCK IS ENTITLED TO DISMISSAL OF PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 BECAUSE PLAINTIFF HAS FAILED TO IDENTIFY A CITY POLICY OR CUSTOM THAT CAUSED A VIOLATION OF HIS CONSTITUTIONAL RIGHTS AS REQUIRED BY *MONELL*.

Pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), Blackwell's amended complaint should be dismissed because Blackwell did not identify a city policy or custom that caused a violation of his constitutional rights.[6]

---

[6] The City of Hamtramck's official custom and policy regarding FOIA requests is available on its website at the City of Hamtramck Website, *Freedom of Information Procedures and Guidelines*, City of Hamtramck (Dec. 18, 2020), https://hamtramck.us/wp-content/uploads/2021/03/FOIA-Policy-and-Procedures-

In *Monell*, 436 U.S. at 692, the Supreme Court specifically held that liability for a deprivation of civil rights cannot be based on a theory of *respondeat superior*, or mere supervisory or municipal liability. "A municipality cannot be held liable solely because it employs a tortfeasor[.]" *Id*. at 691. Municipal liability only attaches where a custom, policy, or practice attributable to the municipality was the "moving force" behind the violation of the plaintiff's constitutional rights. *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010); *see e.g., Colson v. City of Alcoa, Tennessee*, 2017 WL 4019596, at \*6 (E.D. Tenn. Sept. 11, 2017) (collecting cases) ("Even the failure to act in the face of knowledge of unconstitutional conduct is insufficient."). In other words, for Blackwell to hold the City of Hamtramck liable, "he must (1) identify the municipal policy or custom, (2) connect the policy to the municipality,

---

Hamtramck.pdf. Moreover, although the aforementioned policy and Allen's response to Blackwell's FOIA request were not attached to the amended complaint, "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *Smith v. McPharlin*, 2018 U.S. Dist. LEXIS 151043, at \*41 (E.D. Mich. 2018) (Judge GOLDSMITH) (quoting *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)); *see also Hebshi v. United States*, 12 F. Supp. 3d 1036, 1043 (E.D. Mich. 2014) ("In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record"). Here, the City of Hamtramck's policy regarding FOIA requests and Allen's response to Blackwell's FOIA request are public records; therefore, in deciding the instant motion to dismiss, this Court may consider, in addition to the allegations in the amended complaint, Allen's response to Blackwell's FOIA request.

and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). This requirement is necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*, 436 U.S. at 692.

The amended complaint in this case is devoid of any allegations against the City of Hamtramck, let alone any allegations regarding a policy or custom of violating constitutional rights for which the City of Hamtramck could be held liable. Specifically, Blackwell's amended complaint does not contain direct or inferential allegations that the City of Hamtramck had a policy or custom of affirmatively condoning discrimination and retaliation against persons with disabilities, or that Blackwell's rights were violated *because* of one. There is a good reason for this omission from the amended complaint. The City of Hamtramck's official custom and policy, as reflected in its Code of Ordinances,[7] specifically safeguards against discrimination of the sort alleged in the amended complaint. The City of Hamtramck has established, by ordinance, a commission whose express purpose is to "safeguard equal opportunity, overcome divisiveness, violence and all forms of discrimination against people for reasons including nationality, religion, race, class, physical and

---

[7] "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *McPharlin*, 2018 U.S. Dist. LEXIS 151043, at *41.

mental disability, gender, marital status and sexual orientation."[8] Blackwell's failure to (1) point to any policy or custom of the City of Hamtramck that was the motivating force behind any of Allen's alleged conduct, (2) connect a policy to the City of Hamtramck authorizing any of Allen's allegedly inappropriate conduct, and (3) show that Blackwell's injury was incurred due to execution of that policy are all fatal to his constitutional claims. *Alkire*, 330 F.3d at 815.

Moreover, Blackwell claims that Allen had signed the letter denying Blackwell's FOIA request for communications between Allen and the City of Hamtramck as "Hamtramck City Attorney," thereby deeming Allen's subsequent comments about Blackwell's disability as conduct under color of law, and accordingly, subjecting the City of Hamtramck to 42 U.S.C. § 1983 liability. However, in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471; 106 S. Ct. 1292; 89 L. Ed. 2d 452, 457 (1986), the United States Supreme Court held that "[n]ot every decision by municipal officers automatically subjects the municipality to 42 U.S.C. § 1983 liability," and that "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id*. *See also Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013) ("A single decision by a municipal policymaker constitutes official policy

---

[8] Hamtramck Human Relations Commission Website, *Code of Ordinances, § 32.075 Purpose*, City of Hamtramck, https://hamtramck.us/human-relations-commission/.

'only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'" (quoting *Pembaur*, 475 U.S. at 481))). When determining whether a decisionmaker exercises final authority, "[c]ourts must look to state law, including 'valid local ordinances and regulations,' for descriptions of the duties and obligations of putative policymakers in the relevant area at issue." *Walden v. City of Providence*, 596 F.3d 38, 56 (1st Cir. 2010) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)).

Here, Blackwell has advanced only a "final authority" *theory* of municipal liability. The amended complaint, however, references no state or local laws establishing the policymaking authority of any individual or group of individuals. The amended complaint alleges misconduct from Allen, in his capacity as city attorney for the City of Hamtramck, but it gives no guidance about which acts are properly attributable to the municipal authority of the City of Hamtramck. Notably, Blackwell never addresses whether Allen is such a final decisionmaker. *Pembaur*, 475 U.S. at 481. Absent this information, the amended complaint fails to state more than *respondeat superior* liability on the part of the City of Hamtramck. This is not enough to support a 42 U.S.C. § 1983 action against a municipality. *Monell*, 436 U.S. at 691. In addition, Allen's response to Blackwell's FOIA request for communications between Allen and the City of Hamtramck clearly and explicitly indicated that Allen's decision was *not final* and that it was subject to review by the

14

City of Hamtramck City Manager, Kathleen Angerer. Because Blackwell has offered no more than labels and conclusions regarding the City of Hamtramck, this honorable Court should grant the instant motion to dismiss.

CONCLUSION

Blackwell plainly picked a fight with Allen by sending a provocative, incendiary, anti-Semitic, and demeaning series of memes in a naked attempt to humiliate Allen and members of his firm. Blackwell now wraps his offensive and childish conduct in the banner of free speech and has run to this Court shamelessly begging it to pick the pockets of taxpayers for a regrettable incident that he, and he alone, instigated. Allen responded—regrettably—in kind.  If it is true that Blackwell had a right to engage in offensive speech, then he should not complain, at the public's expense, when he receives the same in return. If he wants the State to allow him to offend, then the State has no place in protecting him from the offense of others who are also exercising their right to offend.

Nevertheless, the City of Hamtramck did not authorize or aid Allen's exercise of his right to engage in protected speech; and the City of Hamtramck does not condone it here. The City of Hamtramck has no place in this feud.  Both individual parties have and, thanks to the marvels of the Internet, will, for a very long time, continue to be judged in the only appropriate court for such crude behavior: the court of public opinion. Inviting such disputes to the federal courthouse at the expense of

the public, however, would not only be a grave miscarriage of justice to taxpayers, but potentially federalize every unkind word uttered by any individual subject to its jurisdiction, thereby diminishing the Court's authority and prestige by turning it into a referee between grown men engaged in boorish, but not illegal, behavior. Without citation to the Federalist Papers, it is a safe bet that this is not the sort of dispute that the Founding Fathers, themselves no strangers to indecorous speech, had in mind when they framed Article III of the Constitution and the Bill of Rights. To the contrary, this is the very sort of case that the Supreme Court in *Iqbal* and *Twombly* required federal courts, as gatekeepers to the federal courthouse, to summarily dismiss.

For the foregoing reasons, the Court should dismiss Blackwell's amended complaint as to the City of Hamtramck and award the City of Hamtramck attorney fees under 42 U.S.C. § 1988.

Respectfully submitted:

/s/ Marc A. Deldin
Schenk & Bruetsch PLC
211 West Fort, Suite 1410
Detroit, MI 48226
313-774-1000
Marc.Deldin@SBDetroit.com
P71041
*Attorneys for City of Hamtramck only*

Dated: December 16, 2021

16

CERTIFICATE OF COMPLIANCE

I, Marc A. Deldin, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted:

/s/ Marc A. Deldin
Schenk & Bruetsch PLC
211 West Fort, Suite 1410
Detroit, MI 48226
313-774-1000
Marc.Deldin@SBDetroit.com
P71041
*Attorneys for City of Hamtramck only*

Dated: December 16, 2021

CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, a copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties through the Court's Electronic Case Filing System.

Respectfully submitted:

/s/ Marc A. Deldin
Schenk & Bruetsch PLC
211 West Fort, Suite 1410
Detroit, MI 48226
313-774-1000
Marc.Deldin@SBDetroit.com
P71041
*Attorneys for City of Hamtramck only*

Dated: December 16, 2021