UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLACKWELL,

                Plaintiff,             Case No. 21-cv-12284

    vs.                                    Hon. Mark A. Goldsmith

CITY OF HAMTRAMCK
and JAMES PETER ALLEN, SR.
in his individual capacity,

                Defendant.

_____

| ERNST CHARARA & LOVELL, PLC | COLLINS EINHORN FARRELL, PC |
|---|---|
| Kevin Ernst (P44223) | Theresa M. Asoklis (P42709) |
| Hannah R. Fielstra (P82101) | Lindsey A. Peck (P74579) |
| Counsel for Plaintiff | Counsel for Defendant Allen |
| 645 Griswold, Suite 4100 | 4000 Town Center, 9th Floor |
| Detroit, Michigan 48226 | Southfield, MI 48075 |
| (313) 965-5555 | (248) 355-4141 |
| kevin@ecllawfirm.com | theresa.asoklis@ceflawyers.com |
| hannah@ecllawfirm.com | lindsey.peck@ceflawyers.com |
| | |
| Tony D. Paris (P71525) | SCHENK & BRUETSCH, PLC |
| Counsel for Plaintiff | Marc A. Deldin (P71041) |
| 4605 Cass Avenue, Second Floor | 211 W. Fort, Suite 1410 |
| Detroit, Michigan 48201 | Detroit, MI 48226 |
| 313-993-4505/Fax: 313-887-8470 | (313) 774-1000 |
| tparis@sugarlaw.org | marc.deldin@sbdetroit.com |

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT ALLEN'S MOTION TO DISMISS (ECF No. 14) AND DEFENDANT HAMTRAMCK'S MOTION TO DISMISS (ECF No. 15)**

NOW COMES Plaintiff, by and through counsel, and for his Motion for Extension of Time to Respond to Defendant Allen's Motion to Dismiss and Defendant Hamtramck's Motion to Dismiss submits the following:

1. On September 28, 2021, Plaintiff filed the instant action against Defendant Allen and Defendant City of Hamtramck alleging violations of the 14th Amendment, Title II of the ADA and First Amendment Retaliation when Defendant Allen, who is a city attorney for the City of Hamtramck, retaliated against and maliciously mocked Plaintiff for being in a wheelchair and engaging in protected anonymous speech.

2. On October 12, 2021, Plaintiff stipulated with Defendant Allen regarding his time to respond to the complaint and agreed that he would be given until November 11, 2021 to file a responsive pleading (ECF No. 5).

3. Defendant Allen filed his first responsive pleading, a Motion to Dismiss, on November 11, 2021 and a corrected version on November 12, 2021.

4. Plaintiff then filed his First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) on December 2, 2021.

5. On December 14, 2021, Defendant Allen filed his Motion to Dismiss, and Defendant City of Hamtramck filed its Motion to Dismiss on December 16, 2021.

6. Since that time, multiple people in Plaintiff's counsel's office have contracted COVID-19, including lead counsel on this case, who is experiencing severe symptoms and has been sick and out of the office for nearly two weeks.

7. On January 3, 2021, the undersigned reached out to counsel for Defendant Allen via email seeking a two-week extension for Plaintiff's time to file a response to Defendant Allen's motion.

8. Not hearing from defense counsel for Defendant Allen, the undersigned again reached out via phone and email on January 4, 2021, and counsel responded that she does not have authority to stipulate to an adjournment of dates.

9. Counsel for Plaintiff reached out to counsel for Defendant Hamtramck on January 4, 2021 via telephone and email and did not receive a response as of the time of filing the instant motion.

10. Therefore, Local Rule 7.1 is satisfied, as defense counsel for Defendant Allen did not concur in the relief Plaintiff sought and defense counsel for Defendant Hamtramck did not respond as of the time of filing the instant motion.

11. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), the Court may extend the time for Plaintiffs to file a response for good cause.

12. Plaintiff contends that good cause exists pursuant to Rule 6(b)(1)(a) because the spread of COVID-19 in Plaintiff's counsel's office is outside the control of

counsel and lead counsel's symptoms have affected his ability to adequately and thoroughly respond to Defendants' motions to dismiss.

13. Plaintiff has not requested any other extensions thus far and filed in the instant timely motion.

14. Refusing to allow Plaintiff an additional two weeks to respond to Defendants' motions would create a substantial risk of unfairness to Plaintiff.

15. Defendants will not be prejudiced by Plaintiff filing his response 14 days from the current due dates, as the instant case is still in the initial pleadings stage and the parties have not had a Rule 26(f) conference or began discovery.

LOCAL RULE CERTIFICATION: I, Hannah R. Fielstra, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

WHEREFORE, Plaintiff respectfully requests an additional 14 days to respond to Defendant Allen's Motion to Dismiss (ECF No. 14) and Defendant Hamtramck's Motion to Dismiss (ECF No. 15).

        Respectfully Submitted,

        <u>/s/ Hannah R. Fielstra</u>
        HANNAH R. FIELSTRA (P82101)
        Ernst Charara & Lovell, PLC
        645 Griswold, Ste. 4100
        Detroit, MI 48226
        (313) 965-5555/(313) 965-5556
        hannah@ecllawfirm.com

Dated: January 4, 2022

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLACKWELL,

        Plaintiff,

vs.

CITY OF HAMTRAMCK
and JAMES PETER ALLEN, SR.
in his individual capacity,

        Defendant.

Case No. 21-cv-12284

Hon. Mark A. Goldsmith

_____

| ERNST CHARARA & LOVELL, PLC | COLLINS EINHORN FARRELL, PC |
|---|---|
| Kevin Ernst (P44223) | Theresa M. Asoklis (P42709) |
| Hannah R. Fielstra (P82101) | Lindsey A. Peck (P74579) |
| Counsel for Plaintiff | Counsel for Defendant Allen |
| 645 Griswold, Suite 4100 | 4000 Town Center, 9th Floor |
| Detroit, Michigan 48226 | Southfield, MI 48075 |
| (313) 965-5555 | (248) 355-4141 |
| kevin@ecllawfirm.com | theresa.asoklis@ceflawyers.com |
| hannah@ecllawfirm.com | lindsey.peck@ceflawyers.com |
| | |
| Tony D. Paris (P71525) | SCHENK & BRUETSCH, PLC |
| Counsel for Plaintiff | Marc A. Deldin (P71041) |
| 4605 Cass Avenue, Second Floor | 211 W. Fort, Suite 1410 |
| Detroit, Michigan 48201 | Detroit, MI 48226 |
| 313-993-4505/Fax: 313-887-8470 | (313) 774-1000 |
| tparis@sugarlaw.org | marc.deldin@sbdetroit.com |

_____/

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT ALLEN'S MOTION TO DISMISS (ECF No. 14) AND DEFENDANT HAMTRAMCK'S MOTION TO DISMISS (ECF No. 15)</u>**

## **STATEMENT OF ISSUES PRESENTED**

Should the Court enter an order extending Plaintiffs' deadline to respond to Defendant Allen's Motion to Dismiss (ECF No. 14) and Defendant Hamtramck's Motion to Dismiss (ECF No. 15) by 14 days for good cause shown?

Plaintiffs' Answer: Yes.

This Court Should Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 6(b)(1)(A)

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT ALLEN'S MOTION TO DISMISS (ECF No. 14) AND DEFENDANT HAMTRAMCK'S MOTION TO DISMISS (ECF No. 15)

For good cause, the Court may generally extend the time for parties to act within a specific time. Fed. R. Civ. P. 6(b)(1). A determination of whether good cause exists for an extension is, by the plain language of Rule 6(b)(1), discretionary. *Ott v Fed Home Loan Mtg Corp*, 535 F App'x 488, 489 (CA 6, 2013). In support of his Motion for Extension of Time to Respond to Defendant Allen's Motion to Dismiss (ECF No. 14), Plaintiff contends that the spread of COVID-19 through Plaintiff's counsel's office is not only outside of his or counsel's control, but that the unexpected symptoms experienced by lead counsel on the case affect his ability to thoroughly and timely respond to the motion. As stated in Plaintiff's motion, lead counsel has been symptomatic, sick with COVID-19, and out of the office for nearly two weeks, which has been outside of his control. Additionally, there have been other staff shortages over the past two weeks. In light of the fact that Plaintiff brought this timely motion for an extension of dates, has not sought any other extensions and the status of COVID-19 in Plaintiff's counsel's office, Plaintiff maintains that good cause exists pursuant to Fed. R. Civ. P. 6(b)(1)(A) for a 14-day extension under these circumstances. Defendants will not be prejudiced by a two-week extension, as the instant matter is in the initial pleadings stage and a Rule 26(f) conference has not yet taken place. Failure to allow Plaintiff an additional two weeks

8

to respond to Defendants' motions will create a substantial risk of unfairness to Plaintiff, particularly given the circumstances.

WHEREFORE, Plaintiff respectfully requests an additional 14 days to respond to Defendant Allen's Motion to Dismiss (ECF No. 14) and Defendant Hamtramck's Motion to Dismiss (ECF No. 15).

>Respectfully Submitted,
>
>/s/ Hannah R. Fielstra
>HANNAH R. FIELSTRA (P82101)
>Ernst Charara & Lovell, PLC
>645 Griswold, Ste. 4100
>Detroit, MI 48226
>(313) 965-5555/(313) 965-5556
>hannah@ecllawfirm.com

Dated: January 4, 2022

## CERTIFICATE OF SERVICE

I, Hannah R. Fielstra, certify under penalty of perjury, that on January 4, 2022, I served the foregoing document via the Court's Electronic Filing System, thereby notifying all attorneys of record.

>/s/ Hannah R. Fielstra
>Hannah R. Fielstra