# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---

CHARLES BLACKWELL,

    Plaintiff,

— v —

CITY OF HAMTRAMCK and
JAMES PETER ALLEN, SR.,
in his individual capacity,

    Defendants.

Case No. 21-cv-12284

Hon. Mark A. Goldsmith
Mag. Kimberly G. Altman

**Reply Brief in Support of James Allen's Motion to Dismiss Amended Complaint**

---

*Counsel for Plaintiff:*

Ernst Charara & Lovell, PLC
- Kevin Ernst (P44223)
- Hannah R. Fielstra

645 Griswold, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
E-Mail: kevin@ecllaw.com
E-Mail: hannah@ecllaw.com

*Counsel for Defendant Allen:*

Collins Einhorn Farrell PC
- Theresa M. Asoklis (P42709)
- Lindsey A. Peck (P74579)

4000 Town Center, 9th Floor
Southfield, Michigan 48075
Phone: (248) 355-4141
E-Mail: theresa.asoklis@ceflawyers.com
E-Mail: lindsey.peck@ceflawyers.com

*Co-Counsel for Plaintiff:*

Sugar Law Center
- Tony D. Paris (P71525)

4605 Cass Avenue, 2nd Floor
Detroit, Michigan 48201
Phone: (313) 993-4505
E-Mail: paris@sugarlaw.org

*Counsel for Defendant Hamtramck:*

Schenk & Bruetsch PLC
- Marc A. Deldin (P71041)

211 West Fort, Suite 1410
Detroit, Michigan 48226
Phone: (313) 774-1000
E-Mail: marc.deldin@sbdetroit.com

## Table of Contents

Index of Authorities ................................................................................................. ii

I.   State Actor Requirement ............................................................................... 1

II.  Qualified Immunity on Fourteenth Amendment Claim ................................. 4

III. Qualified Immunity on First Amendment Claim ........................................... 6

Conclusion ............................................................................................................. 7

Certificate of Service .............................................................................................. I

Certificate of Compliance ..................................................................................... II

# Index of Authorities

*Cases*

*Adair v. Hunter*,
   751 Fed. Appx. 893 (6th Cir. 2019) ......................................................... 5, 6

*Beydoun v. Wataniya Restaurants*,
   768 F.3d 499 (6th Cir. 2014) ...................................................................... 2

*Hilton v. Mish*,
   224 F. Supp. 3d. 595 (W.D. Mich. 2016),
   aff'd, 720 Fed. Appx. 260 (6th Cir. 2018) ................................................ 2, 3

*Hornbeak-Denton v. Myers*,
   361 Fed. Appx. 684 (6th Cir. 2010) .............................................................. 7

*Houchins v. KQED*,
   438 U.S. 1 (1976) ......................................................................................... 3

*McBurney v. Young*,
   569 U.S. 221 (2013) ..................................................................................... 3

*McPherson v. Kelsey*,
   125 F.3d 989 (6th Cir. 1997) ....................................................................... 1

*Meadows v. Enyeart,*
   627 Fed. Appx. 496 (6th Cir. 2015) .......................................................... 4, 7

*New Albany Tractor v. Louisville Tractor*,
   650 F.3d 1046 (6th Cir. 2011) ..................................................................... 2

*Taylor v. Falmouth*,
   187 Fed. Appx. 596 (6th Cir. 2006) .......................................................... 4, 5

*Waters v. City of Morristown*,
   242 F.3d 353 (6th Cir. 2001) ....................................................................... 3

*Yeoman v. Thompson*,
   No. 94-1392, 1994 WL 683956 (6th Cir. Dec. 6, 1994) ........................................... 3

*Zander v. McGinnis,*
   No. 97-1484, 1998 WL 384625 (6th Cir. June 19, 1998) .................................... 5, 6

## *Rules*

Fed. R. Civ. P. 11 ............................................................................................................ 2

Fed. R. Civ. P. 12 ............................................................................................................ 1

Fed. R. Civ. P. 56 ............................................................................................................ 1

I. **State Actor Requirement**

Blackwell argues that Allen qualified as a state actor because he billed the City for the e-mails. He contends that the Court can't consider the billing statements without converting the Rule 12(b)(6) motion into a Rule 56 motion, which is "grossly premature." He doesn't cite any authority to counter the published authority cited by Allen, which establishes that the Court can consider Allen's billing statements—not only because they're matters of public record, but also because they're referenced in the pleadings and central to the claims—and reject Blackwell's contradicted allegations.[1] His argument that the Court can't consider the billing statements is based only on his say-so. His failure to cite supportive authority amounts to waiver of his argument. *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997).

Unable to dispute that the Court may consider the billing statements, none of which references the e-mails,[2] Blackwell resorts to accusing Allen of doctoring the billing statements. He contends that during a City Council meeting, a Councilwoman said that the City approved payment for the e-mails. Perhaps he could benefit from a refresher on what can and can't be considered on a Rule 12(b)(6) motion. Not only does he ignore authority that establishes the propriety of considering matters of public record and items referenced in

---

[1] ECF No. 14 (Motion to Dismiss), Pg. ID 152.
[2] Blackwell makes much ado over the fact that the billing statements are "inexplicably from the same date, September 15, 2021…." So what? Like most attorneys, Allen sends his clients monthly billing statements. The dates of the billing statements aren't the dates of the time entries, which is readily apparent from even a cursory review of the billing statements. The billing statements contain all of his time entries between August 18, 2021 and August 24, 2021, the period in which he sent the e-mails.

the complaint, he also ignores authority that establishes the inappropriateness of considering hearsay statements. *Beydoun v. Wataniya Restaurants*, 768 F.3d 499, 506 (6th Cir. 2014).[3]

Even if the Court accepts Blackwell's false allegation that Allen billed the City for the e-mails or otherwise acted in the capacity of City Attorney, the result is the same: Allen wasn't a state actor any more than the in-house, salaried city attorney paid to send the e-mail at issue in *Hilton v. Mish,* 224 F. Supp. 3d. 595 (W.D. Mich. 2016), aff'd, 720 Fed. Appx. 260 (6th Cir. 2018). Based on the weight of authority, which Blackwell doesn't address, a city attorney becomes a state actor only when he performs non-traditional functions that find their genesis in state authority, such as establishing official policy.[4] Engaging with or responding to criticism from a citizen isn't on par with exercising policymaking authority.

That segues to Blackwell's next argument, which suffers the same infirmity. Blackwell argues that Allen qualified as a state actor based on his attendance at City Council meetings. Attendance at City Council meetings doesn't require invocation of state power. In any event, Blackwell doesn't explain and Allen can't discern how his status when he attended City

---

[3] Blackwell obviously refers to the hearsay statements in an effort to convince the Court that discovery is necessary. But the billing statements are public records. If he really believed that Allen would go so far (and be so unwise) as to manipulate the billing statements, he or his counsel could've requested the billing statements via FOIA. Indeed, he or his counsel *should've* requested the billing statements via FOIA before he filed an amended complaint in which he matter-of-factly alleged that Allen billed the City. *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011); Fed. R. Civ. P. 11(b). Speaking of the unequivocalness of his allegation, the Court should note that his song and dance about the need for discovery relates entirely to whether Allen billed the City. So he doesn't know now and didn't know then whether Allen billed the City, which is all the more reason to discount his allegation.
[4] ECF No. 14 (Motion to Dismiss), Pg. ID 160-161.

—2—

Council meetings is relevant to his status when he sent the e-mails.

Blackwell argues that Allen qualified as a state actor based on his denial of part of a FOIA request for privileged information. Again, Blackwell fails to explain the relevance of the denial of the FOIA request. He doesn't claim (and he'd be hard pressed to claim) that Allen denied the FOIA request on account of his disability or in retaliation for his meme. He pleads no facts from which to infer that Allen granted a non-disabled citizen's FOIA request for the same information. He concedes that the denial of the FOIA request occurred *before* he sent his meme. And mere denial of a FOIA request doesn't amount to deprivation of a *constitutional* right. *Houchins v. KQED*, 438 U.S. 1, 14 (1976); *McBurney v. Young*, 569 U.S. 221, 232 (2013); *Yeoman v. Thompson*, No. 94-1392, 1994 WL 683956, *1 (6th Cir. Dec. 6, 1994). So whether Allen qualified as a state actor when he denied the FOIA request is immaterial.

Finally, Blackwell argues that Allen qualified as a state actor based on his threat to subpoena Blackwell's ISP, which he could only do by virtue of his status as City Attorney. Blackwell's argument borders on absurd. Allen threatened to subpoena Blackwell's ISP as part of the disciplinary process if Blackwell's grievance led to a request for investigation. His right to avail himself of discovery mechanisms in the disciplinary process is no greater than the right of any other attorney under investigation. His status as *City Attorney* is irrelevant.

Blackwell also tries to distinguish *Hilton* and *Waters v. City of Morristown*, 242 F.3d 353 (6th Cir. 2001). He falsely claims that Allen responded directly to an e-mail from Blackwell, which contained a meme identifying Allen as City Attorney, whereas defendant in *Hilton*

—3—

responded to an e-mail from an attorney to a news reporter.[5] He notes that his interaction with Allen occurred in the context of Allen's role as City Attorney, whereas the relationship in *Waters* occurred in the context of defendant's role as an employer.

The distinctions are immaterial. Allen viewed the meme, which depicted him as a woman in a skirt, as a degrading communication intended to humiliate him and discredit him in front of his clients. In responding to the meme, he "did not act out of a state-imposed duty." *Meadows v. Enyeart,* 627 Fed. Appx. 496, 501 (6th Cir. 2015). He acted out of frustration and responded as a private citizen. The mere fact that his dispute with Blackwell "in some sense [grew] out of [his] government activities" doesn't compel a different conclusion. *Id.* at 507.

## II.     Qualified Immunity on Fourteenth Amendment Claim

Blackwell says that the alleged disability-based harassment in the e-mails is "ipso facto" evidence of discriminatory intent and sufficient to survive dismissal. That isn't an accurate synopsis of the law. To establish discriminatory intent, verbal harassment must be "coupled with some additional harassment or constitutional violation." *Taylor v. Falmouth*, 187 Fed. Appx. 596, 601 (6th Cir. 2006). Blackwell doesn't argue that Allen committed some other constitutional violation. Instead, Blackwell distinguishes cases that involved only a single instance of harassment. Blackwell thus appears to hang his hat on "additional harassment."

On one end of the spectrum are cases involving only an isolated instance of harassment.

---

[5] As Blackwell acknowledges in his amended complaint, Allen responded to an e-mail from a fake, pseudonymous e-mail account that in no way identified Blackwell as the account holder.

—4—

On the other end of the spectrum are cases involving an ongoing pattern of harassment. This case is neither but much closer to a single instance of harassment. Blackwell takes issue with five e-mails that Allen sent on three separate days over the course of one week. Contrary to his belief, "additional harassment" doesn't mean more than one instance of alleged harassment.

*Adair v. Hunter,* 751 Fed. Appx. 893 (6th Cir. 2019)[6] illustrates the point. Defendants made four sexually-harassing comments about plaintiff on two separate days over the course of a month. The district court relied on *Taylor* for the proposition that "discriminatory language, when isolated and unaccompanied by further harassment or constitutional violation, is not actionable." The district court concluded that the equal-protection claim lacked merit because plaintiff "merely offered evidence of isolated comments based on her gender without any other harassment or constitutional violation." The Sixth Circuit agreed and affirmed.

Blackwell has been interacting with Allen for over a year. He doesn't allege that Allen has repeatedly harassed him over the course of a year. He alleges that Allen made isolated comments in a handful of e-mails over the course of a week. If four instances of gender-based harassment over the course of a month didn't satisfy the "additional harassment" requirement, as the Sixth Circuit held in *Adair,* then five instances of alleged disability-based harassment over the course of a week don't satisfy the "additional harassment" requirement, either.[7] *Zander v. McGinnis,* No. 97-1484, 1998 WL 384625 (6th Cir. June 19, 1998) resolves any

---

[6] **Exhibit 1**: *Adair v. Hunter,* No. 16-cv-3 (E.D. Tenn. 2018). The Sixth Circuit adopted in full the district court's accurate and well-reasoned opinion, which isn't on Westlaw.
[7] Disability, unlike gender, isn't a suspect or quasi-suspect class.

—5—

doubt. There, the verbal harassment spanned *ten months*. Still, the Sixth Circuit adhered to the principle that verbal harassment isn't of constitutional magnitude. *Id.* at *2.

Although Blackwell tries to distinguish the cases on which Allen relies, he notably doesn't cite any cases in which the Sixth Circuit or the Supreme Court provided "fair and clear warning" that sending a handful of allegedly harassing e-mails over the course of a week violates the Fourteenth Amendment. *City of San Francisco v. Sheehan,* 575 U.S. 600, 617 (2015). In other words, he doesn't cite any cases from which to infer that the right to be free from a handful of harassing comments is clearly established (which is unsurprising in light of *Adair* and *Zander*). In short, he fails to meet his burden of overcoming qualified immunity.

### III. Qualified Immunity on First Amendment Claim

According to Blackwell, the Sixth Circuit "has not specifically held whether verbal abuse alone constitutes evidence of adverse action." Assuming he's right (he isn't), he can't say that Allen had "fair and clear warning" that alleged verbal harassment violated the First Amendment. He can't say that the right to be free from verbal harassment is clearly established. And he can't say that qualified immunity is unavailable.

Blackwell's implicit admission that Allen didn't violate any clearly-established First Amendment rights concludes the analysis. But Blackwell's contention that there's no Sixth Circuit precedent on point deserves scrutiny anyway. Allen cited a number of cases in which the Sixth Circuit stated that disparaging comments aren't sufficient to establish *any* Section 1983 claim. Allen also cited cases in which the Sixth Circuit specifically held that disparaging

—6—

comments aren't sufficient to establish adverse action for purposes of a First Amendment retaliation claim. And finally, Allen cited cases in which the Sixth Circuit held that an action unaccompanied by any sanction, punishment, or concrete consequence—such as the action alleged here—is too de minimis, inconsequential, and trivial to qualify as adverse action.[8]

Blackwell suggests that some of the Sixth Circuit cases on which Allen relies are distinguishable because they involved a single offensive remark. Allen has already poked holes in that argument. Even so, Blackwell again fails to cite any cases in which the Sixth Circuit or Supreme Court gave "fair and clear warning" that a handful of allegedly offensive comments over the course of a week rises to the level of adverse action and violates the First Amendment.

Blackwell contends that even if Allen's alleged verbal harassment doesn't constitute adverse action, Allen's threat to subpoena his ISP amounts to adverse action. He, again, fails to cite any cases in which the Sixth Circuit or Supreme Court gave "fair and clear warning" that threat of private legal action amounts to adverse action. And he fails to acknowledge, let alone distinguish, cases in which the Sixth Circuit held that threat of private legal action is *not* adverse action. *Hornbeak-Denton v. Myers*, 361 Fed. Appx. 684, 689 (6th Cir. 2010); *Meadows*, 627 Fed. Appx. at 501, 507. He thus fails to carry his burden of defeating qualified immunity.

## Conclusion

For the foregoing reasons, Allen requests that the Court grant his motion to dismiss.

Dated: January 26, 2022

/s/ *Theresa M. Asoklis*
Theresa M. Asoklis (P42709)

---

[8] ECF No. 14 (Motion to Dismiss), Pg. ID 163, 167-172.

—7—

## Certificate of Service

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein via Electronic Filing Service on January 26, 2022.

/s/ *Theresa M. Asoklis*
Theresa M. Asoklis (P42709)
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, Michigan 48075
Counsel for James Allen

## Certificate of Compliance

I, Theresa Askolis, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Theresa M. Asoklis*
Theresa M. Asoklis (P42709)
Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, Michigan 48075
Counsel for James Allen
