UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BLACKWELL,   Case No. 21-12284
                    HON. MARK A. GOLDSMITH

    Plaintiff,

v.

CITY OF HAMTRAMCK, and
JAMES PETER ALLEN, SR.,

    Defendants.
_____/

DEFENDANT CITY OF HAMTRAMCK'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS

1

## STATEMENT OF ISSUES

I. Does *Jones v. City of Detroit*, 20 F.4th 1117 (6th Cir. 2021) Require Dismissal of Blackwell's ADA Claim?

    City of Hamtramck states: YES.
    Plaintiff states: NO.

II. Has Blackwell Failed to Plead Municipal Liability Under *Monell*?

    City of Hamtramck states: YES.
    Plaintiff states: NO.

## MOST CONTROLLING AUTHORITY

*Jones v. City of Detroit*, 20 F.4th 1117 (6th Cir. 2021)

ARGUMENT

**I.     THE ADA CLAIM MUST BE DISMISSED**

Blackwell is correct in his contention that the City of Hamtramck ("Hamtramck") is relying on the Sixth Circuit's recent ruling in *Jones v. City of Detroit*, 20 F.4th 1117 (6th Cir. 2021). He is wrong in urging this Court to "decline to follow the *Jones* majority," and in asserting that *Jones* is an "unpublished" case with "no precedential value," while also urging the Court to follow the dissent in *Jones*. *Jones* is published and thus binding Sixth Circuit caselaw.

Blackwell's response is rife with contradictions. He agrees with Hamtramck that the majority in *Jones* held that vicarious liability is not available for claims under Title II of the ADA, but also argues that Hamtramck "is directly liable for the conduct of its decisionmaker, City Attorney James Allen." (PageID.337). Liability of principals for acts of agents is the essence of vicarious liability. The relevant part of his Amended Complaint to which he cites in support of this position plainly reads that Hamtramck acted *through* Allen, that is, Hamtramck's liability is dependent on the conduct of Allen. Because Blackwell brought his ADA claim under a theory of vicarious liability, the ADA claim is brought for responsibility as the principals of others, and because Blackwell has not properly alleged direct liability and does not allege any relevant relationships for which Hamtramck could be liable, Blackwell has failed to state a claim.

1

Blackwell's argument that Allen was a "decisionmaker" fails. First, that phrase never appears in the Amended Complaint, although one paragraph comes close. Second, the block quote from Blackwell's Amended Complaint that he includes in his response morphs three numbered paragraphs into one to misleadingly suggest all three paragraphs use "decision making." (PageID. 337) Third, this brief reference to "decision-making" cannot overcome the allegations of an agency relationship—a relationship that no longer suits Blackwell's purposes given the Sixth Circuit's ruling in *Jones*.

Finally, Blackwell incorrectly claims that *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002) supersedes *Jones*. *Carten* does not bear any weight on the issue of vicarious liability in *Jones*. In *Carten*, the plaintiff sued Kent State University ("KSU") and several doctors ("the Doctors") for refusing to accommodate his learning disability and dismissing him based on that disability. *Carten*, 282 F.3d at 392. Blackwell's response relies on the *Carten* decision's analysis on the intersection between injunctive relief and Eleventh Amendment immunity. (PageID.337-38) However, *Carten* could never inform the facts in the instant case because it is the archetype ADA suit wherein a disabled individual alleges a deprivation of rights because the institution refused to accommodate his learning disability.

*Carten* lays bare Blackwell's second failure that justifies dismissal: he failed to allege a deprivation *because of* his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). In this case, Blackwell cannot establish the *prima facie* elements for an ADA claim, as he has failed to plead action by Hamtramck or by Allen denying Blackwell engagement in political activity because of his disability. Insulting comments alone are insufficient to establish liability under the ADA. In its motion to dismiss, Hamtramck cited to multiple cases showing that insulting comments alone could not give rise to ADA liability. (PageID.244) Blackwell claims that Allen's e-mails deterred him from attending city council meetings and seeking FOIA requests. But such "deterrence" is not because he is disabled the same way that the plaintiff in *Carten* could not learn at KSU because of his learning disability, or the same way that a citizen would not be able to attend city council meetings because of wheelchair barriers. But such "deterrence" is not because he is disabled the same way that the plaintiff in *Carten* could not learn at KSU because of his learning disability. Instead, Blackwell made allegations about a quarrel between him and Allen that involved commentary about Blackwell's disability—a quarrel from which he concluded that he will, in some unspecified way in the future, be denied access to city council meetings and FOIA requests. Therefore, Blackwell fails to allege a deprivation and that Allen had taken any action against him *because of his disability*.

3

## II. THE SECTION 1983 CLAIM MUST BE DISMISSED.

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 698 (1978), the Supreme Court specifically held that liability for a deprivation of civil rights cannot be based on a theory of *respondeat superior*, or mere supervisory or municipal liability. Blackwell's Amended Complaint must be dismissed because he seeks to hold Hamtramck liable for Allen's conduct simply because Allen had occasionally performed for Hamtramck as City Attorney. (PageID.245-48) In his response, Blackwell claims that, for purposes of his Section 1983 claim, Allen is a final decisionmaker with authority to establish city policy. (PageID.333-36) However, the allegation that Allen "engages in decision making on the City's behalf" appears once in the Amended Complaint in paragraph 54, which exclusively and directly addresses his ADA claim. (PageID.122, ¶ 54) Blackwell fails to make allegations about Allen's decision-making authority under his Section 1983 claim. Blackwell has already been permitted to amend his complaint and has alleged that his Section 1983 claim solely rests on Allen's employment with Hamtramck, which is barred by *Monell*.

Even if Blackwell had included the allegations of paragraph 54 under his Section 1983 claim, they would have remained grossly insufficient. In *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471; 106 S. Ct. 1292; 89 L. Ed. 2d 452, 457 (1986), the United States Supreme Court held that the "official policy" requirement of

4

*Monell* was intended to distinguish acts of the *municipality* from acts of the municipality's *employees*, and thereby make clear that municipal liability is limited to actions for which the municipality is responsible. With this understanding, municipal liability under Section 1983 "attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered," and "[t]he fact that a particular official, even a policymaking official, has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id*. at 481-83.

Blackwell believes that pleading the legal conclusion "decision-maker" anywhere is a talisman that entitles him to discovery regardless of the lack of factual allegations. This ignores *Ashcroft v. Iqbal*, 556 U. S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007). To exercise power on behalf of a city or a municipality, there must be some legal basis for concluding that the decision-maker legitimately wields it. That is a legal question, not a factual one, and determining whether an individual has decision-making authority is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). In *Pembaur*, for example, Ohio law authorized the County Sheriff to obtain instructions from the County Prosecutor. *Pembaur*, 475 U.S. at 475. In ordering the Deputy Sheriffs to enter Pembaur's clinic to serve the capiases on the employees, the County Prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under

5

Section 1983. *Id*. Here, Blackwell does not allege any basis from which Allen would have wielded decision-making authority. Because this is purely a legal question, Blackwell's failure is not a matter of lack of access to facts during discovery; it reflects that Allen is simply not a "decision-maker" under Section 1983.

Equally fatal is Blackwell's failure to identify the subject matter in which Allen allegedly has final decision-making authority. *Pembaur*, 475 U.S. at 483. The *Pembaur* Court clarified this by discussing an example of a County Sheriff (a decision-maker for law enforcement practices) also having discretion to hire and fire employees. Because the Sheriff is *not* the county official responsible for establishing county employment policy, the county could not be held liable for the Sheriff's employment decisions even though he is a county decision-maker for law enforcement. *See* 475 U.S. at 483 n.12. Blackwell simply ignores this necessary element of a Section 1983 case.

Blackwell's oversight on this element is intentional. He is trying to portray a personal quarrel as state action. But Allen's alleged conduct was not exercising any city power or performing any city function. There is *no* city department responsible for sending tasteless e-mails. For this reason, Blackwell must identify the narrow area of municipal authority wielded by the decision-maker. Moreover, Blackwell further argues that "Allen had authority to deny a FOIA request, to issue administrative subpoenas, and to depose private individuals." (PageID.335-36) But

6

Allen's role in partially denying one of Blackwell's FOIA requests cannot be a relevant area of authority, for two reasons. First, Blackwell fails to allege that any FOIA request was wrongfully denied, or that he suffered any damages as a result of any denial. Second, Allen's partial denial clearly and explicitly indicated that Allen's decision was not final and that it was subject to review by the city manager.

Blackwell's references to subpoenas are also misplaced. The relevant e-mail responded to Blackwell's attempt to open a disciplinary proceeding, and it specifically stated that "if the request for investigation comes, we'll have what we need to subpoena your ISP and verify what we already know." (PageID.136) Therefore, Blackwell's complaint demonstrates that any threat to issue a subpoena would not have been the result of decision-making authority by Hamtramck; it would have been the result of the existing disciplinary process.

Respectfully submitted:

/s/ Marc A. Deldin
Schenk & Bruetsch PLC
211 West Fort, Suite 1410
Detroit, MI 48226
313-774-1000
Marc.Deldin@SBDetroit.com
P71041
*Attorneys for City of Hamtramck only*

Dated: February 4, 2022

7

CERTIFICATE OF COMPLIANCE

    I, Marc A. Deldin, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                        Respectfully submitted:

                                        /s/ Marc A. Deldin
                                        Schenk & Bruetsch PLC
                                        211 West Fort, Suite 1410
                                        Detroit, MI 48226
                                        313-774-1000
                                        Marc.Deldin@SBDetroit.com
                                        P71041
                                        *Attorneys for City of Hamtramck only*

Dated: February 4, 2022

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, a copy of the foregoing Reply to Plaintiff's Response to the Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties through the Court's Electronic Case Filing System.

Respectfully submitted:

/s/ Marc A. Deldin
Schenk & Bruetsch PLC
211 West Fort, Suite 1410
Detroit, MI 48226
313-774-1000
Marc.Deldin@SBDetroit.com
P71041
*Attorneys for City of Hamtramck only*

Dated: February 4, 2022